NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA PAYNE,<br><br>     Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>     Defendant. | Civil Action No.: 2:13-cv-07763 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

Patricia Payne ("Plaintiff") appeals the final determination of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff disability benefits under the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). This motion has been decided on the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78.[1] For the reasons set forth below, the decision of the Administrative Law Judge (the "ALJ") is remanded for a new hearing.

## II. PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits under Title II ("DIB") and supplemental security income under Title XVI ("SSI," collectively "Benefits") from the Social Security

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

Administration ("SSA") on October 20, 2010. (R. 112-121.) Plaintiff alleged disability beginning April 1, 2007. (R. 112.) Plaintiff's claims were initially denied on January 28, 2011 (R. 57-61), and were denied upon reconsideration on June 18, 2011. (R. 67-72.) On June 22, 2011, Plaintiff requested a hearing before an ALJ. (R. 73.) ALJ April Wexler held a hearing in this matter on April 30, 2012. (R. 28-52.) In a written opinion dated May 23, 2012, the ALJ determined that Plaintiff was not disabled. (R. 12-23.) The Appeals Council denied review on October 21, 2013, rendering the ALJ's decision the final judgment of the Commissioner. (R. 1-6.) Plaintiff timely filed this action.

### III. LEGAL STANDARDS

#### A. Standard of Review

This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). Courts are not "permitted to re-weigh the evidence or impose their own factual determinations," but must give deference to the administrative findings. Chandler v. Comm'r Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler, 667 F.3d at 359 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" Daniels v. Astrue, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting

Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Comm'r of Soc. Sec., 244 F. App'x 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

Pursuant to the Social Security Act, to receive DIB, a claimant must satisfy the insured status requirements of 42 U.S.C. § 423(c). In order to be eligible for Benefits, a claimant must show that she is disabled by demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the claimant's age, education, and work experience, disability will be evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the claimant's physical or mental impairments must be "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." Id. §§ 423(d)(2)(A), 1382c(a)(3)(B). Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42

U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

The SSA follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in gainful activity. Sykes, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the claimant has a severe impairment that limits her ability to work. Id. Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. Id. at 263. Fourth, the ALJ must consider whether the claimant's RFC is enough to perform her past relevant work. Id. Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy that the claimant can perform. Id.

The evaluation will continue through each step unless it can be determined at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 262 n.2.

### IV. DISCUSSION

Plaintiff asserts that the ALJ's decision is incorrect for several reasons. (Pl. Br. 12-35.) Plaintiff first argues that the ALJ erred at step two by failing to find Plaintiff's hypertension, sleep apnea and compromised intellect constituted severe impairments. (Pl. Br. 12-24.) Next, Plaintiff argues that the ALJ failed to consider obesity according to the Commissioner's required directive.

4

(Pl. Br. 24-30.) Third, Plaintiff argues that the RFC does not include limitations from the severe impairments that the ALJ rejected or omitted at step two. (Pl. Br. 30-34.) Additionally, Plaintiff claims that the hypothetical questions used by the ALJ were based on an RFC that does not include all restrictions proven in the record, and thus cannot serve as the basis for a step five denial. (Pl. Br. 34-35.)

Finally, the Plaintiff raises the issue that a significant portion of her testimony is missing from the transcript. (Pl. Br. 36.) The Court finds that because fifteen minutes of Plaintiff's testimony is missing from the forty minute hearing transcript, (more than one-third of the hearing) the case must be remanded for a new hearing. The Court finds it unnecessary to address Plaintiff's other arguments at this time.

Because a significant portion of Plaintiff's testimony was omitted from the record, the Court cannot properly assess the ALJ's findings. See Hippensteel v. Soc. Sec. Admin., 302 F. Supp. 2d 382, 389 (M.D. Pa. 2001). In Hippensteel, the court remanded the case for a new hearing because potentially over one-third of the plaintiff's testimony was omitted from the hearing transcript. 302 F. Supp. 2d at 388-389. See also Pratts v. Chater, 94 F.3d 34 (2d Cir. 1996) (holding ALJ's denial of disability benefits was not supported by substantial evidence in part because a portion of medical testimony upon which the ALJ relied was not transcribed); Mullen v. Sec'y of Health & Human Servs, 878 F. Supp. 682, 683 (D. Del. 1995) (finding good cause for remand where three minutes of a twelve minute hearing, constituting the testimony of the plaintiff's wife, were not transcribed due to inaudibility).

Whereas in Hippensteel, the court was left to estimate the duration of the gap in the transcribed testimony, here the transcript clearly states "[t]ape skips 15 minutes" (R. 34), which, as stated above, is more than one-third of the entire forty minute hearing. Plaintiff's testimony

jumps from the ALJ questioning Plaintiff about her education, to the ALJ asking "[a]nd what about kneeling and crouching?" to which the Plaintiff responded, "[t]he same, I start wheezing, just some light wheezing." (Id.) The remaining portion of Plaintiff's transcribed testimony includes the ALJ questioning her about her daily activities (R. 34-37), followed by various follow-up questions asked by Plaintiff's attorney. (R. 34-44.) The fifteen minutes of missing testimony is a significant portion of Plaintiff's substantive testimony before the ALJ.

Pursuant to 20 C.F.R. §§ 404.1529, 416.929, the ALJ must follow a two-part process when considering a claimant's symptoms in making her RFC finding. First, the ALJ must determine whether the claimant suffers from an underlying "medically determinable impairment that could reasonably be expected to produce [the claimant's] symptoms . . . ." 20 C.F.R. §§ 404.1529(b), 416.929(b). Second, the ALJ must "evaluat[e] the intensity and persistence of [the claimant's] symptoms . . . and determin[e] the extent to which [those] symptoms limit [the claimant's] capacity for work." 20 C.F.R. §§ 404.1529(c), 416.929(c). The Third Circuit has held that "serious consideration" must be given to the claimant's statements about her symptoms. Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981); Welch v. Heckler, 808 F.2d 264, 270 (3d Cir. 1986).

Here, when making her RFC determination the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible." (R. 20.) The ALJ further noted that she found Plaintiff's testimony "somewhat exaggerated and not necessarily credible." (Id.) The ALJ also referred to Plaintiff's testimony and credibility in her step two determination as to which of Plaintiff's conditions constituted severe impairments (R. 15), and in discussing the weight she awarded to specific opinion evidence. (R. 21.) Although the ALJ refers to portions of Plaintiff's missing

6

testimony in her decision, without the benefit of a complete transcript, the Court is not able to adequately assess the basis for the ALJ's conclusions as to the credibility of Plaintiff's statements regarding the intensity, persistence, and limiting effects of Plaintiff's symptoms from her medically determinable impairments.

Accordingly, the Court finds that the omission from the record of more than one-third of the hearing testimony is cause for remand and a new hearing.

### V.     CONCLUSION

For the foregoing reasons, the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act is hereby remanded for a new hearing. An appropriate order accompanies this Opinion.

DATED: 2/26/15

_____
**CLAIRE C. CECCHI, U.S.D.J.**